UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WFRBS COMMERCIAL MORTGAGE TRUST 2013-C16, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2013-C16, acting by and through its special servicer, Rialto Capital Advisors LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of September 1, 2013,<br><br>         Plaintiff,<br><br>  v.<br><br>WEST MALL OFFICE PARK LLC and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100,<br><br>The names of the "John Doe" Defendants being Fictitious and Unknown to Plaintiff, the Persons and Entities Intended Being Those Who May Be in Possession of, or May Have Possessory Liens or Other Interests in, the Premises Herein Described.<br><br>         Defendants. | Civil Action File No. 22-CV-06429-AKH |

## **FINAL JUDGMENT**

THIS MATTER is before the Court by virtue of the Stipulation Consenting to Entry of Final Judgment (the "Stipulation"), dated July 5, 2023 and executed by and between counsel for U.S. Bank, National Association, as Trustee for the Benefit of the Registered Holders of WFRBS Commercial Mortgage Trust 2013-C16, Commercial Mortgage Pass-Through Certificates, Series 2013-C16 ("Plaintiff") and defendant West Mall Office Park LLC ("Borrower") and non-party Pinchos David Shemano ("Guarantor") (collectively, the "Borrower Parties"). Upon review of the Stipulation and the Complaint (the "Complaint") filed in this Court on July 28, 2022 and the Notice

#176623231_v8 527548.00083

of Pendency filed in the Albany County Clerk's Office on August 12, 2022 (the "Notice of Pendency"), for good cause shown, and with the consent of the parties, it is:

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff is hereby granted final judgment as to the First Count, Second Count and Third Count of the Complaint; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the amount due to Plaintiff under the loan documents that are the subject of this action is $10,414,318.72, calculated as follows:

| | |
|---|---|
| Principal Balance | $11,013,054.53 |
| Accumulated Interest (at 5.511% Interest Rate) | $ 104,526.74 |
| Accumulated Default Interest (at 10.511% Default Rate) | $ 595,742.10 |
| Late Fees | $ 12,593.72 |
| Special Servicing Fees | $ 23,098.17 |
| Interest on Advances | $ 658.96 |
| Liquidation Fee | $ 112,425.32 |
| Property Protective Advances | $ 25,688.40 |
| Yield Maintenance Premium | $ 75,105.00 |
| Payoff Fee | $ 400.00 |
| Tax Escrow Balance | $ (78,465.26) |
| Insurance Escrow Balance | $ (75,993.98) |
| Reserve Balance | $ (1,394,514.98) |
| **Total Due as of February 1, 2023** | **$10,414,318.72** |

and it is further

**ORDERED, ADJUDGED AND DECREED**, that the certain real property and improvements commonly known as the West Mall Office Park, located at (i) 845 Central Avenue, Albany, New York 12206, (ii) 855 Central Avenue, Albany, New York 12206, (iii) 875 Central Avenue, Albany, New York 12206, and more particularly described in the Complaint, together with the Collateral (as defined in the Complaint) located thereat (collectively, the "Property"), or such part thereof as may be sufficient to discharge: (a) the mortgage debt evidenced by the Consolidated Mortgage, Assignment of Leases and Rents and Security Agreement dated as of August 30, 2013 and in the original principal amount of $12,937,500.00 (the "Mortgage"); and (b)

the expense of the sale and the costs of this action as provided by the New York Real Property Actions and Proceedings Law ("RPAPL"), be sold at public auction pursuant to the terms hereof, at the Albany County Courthouse, 16 Eagle Street, Albany, New York 12207, by and under the direction of William C. Colucci, Esq. ("Referee"), as Referee, to sell the Property at public auction with the assistance of Matthew Mannion from Mannion Auctions, LLC as Auctioneer, located at 305 Broadway, Suite 200, New York, NY 10007 telephone 212-267-6698; that the said Referee shall set the date of the sale and give public notice of the time and place of such sale in accordance with RPAPL § 231, in the Times Union (publication); and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee shall accept at such sale the bid or bids that yield the largest amount of money for the Property and the bidder or bidders, as the case may be, so determined, shall be identified upon the court record, and the Referee shall require that such successful bidder or bidders, as the case may be, immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the Property unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that the successful bidder or bidders, as the case may be, fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Property, the Property shall thereafter immediately, on the same day, be reoffered at auction in the same manner as is set forth above; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. Any delay or adjournment of the

#176623231_v8 527548.00083

closing date beyond forty-five days may be stipulated among the parties, with the Referee's consent, up to ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that such successful bidder shall fail to close on the date set by the Referee, then the successful bidder shall lose and forfeit its deposit; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee deposit all funds received pursuant to this Order in his/her own name as Referee in a federally or New York state chartered bank that maintains federal deposit insurance; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee on receiving the proceeds of such sale shall forthwith pay there from:

> **FIRST:** The statutory fee of the Referee for conducting the sale pursuant to Section 8003 of Civil Practice Law and Rules ("CPLR") not to exceed $750.00.
>
> **SECOND:** The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.
>
> **THIRD:** Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the Mortgage, which are liens on the Property at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.
>
> **FOURTH:** Said Referee shall also pay to Plaintiff or its attorneys the sum of $10,414,318.72, together with interest at the rates set forth in the loan

documents from February 1, 2023, to the date hereof, and the legal rate of interest at the rate of 9% thereafter, and with all late charges, fees and other costs, or so much as the proceeds of the sale will pay of the same, and any expenses necessarily paid by Plaintiff to preserve the Property, such as the payment of taxes, etc., not previously included in any computations.

**ORDERED, ADJUDGED AND DECREED**, that in case Plaintiff be the purchaser of the Property at said sale, the Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff a deed of the Property and a bill of sale for the Collateral located there at sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "**FIRST**", "**SECOND**" and "**THIRD**" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified in item marked "**FOURTH**". If upon so applying the balance of the amount bid, there shall be a surplus over and above said amounts due to Plaintiff, Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's Deed and Bill of Sale, the amount of such surplus. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1354 (4) and the Referee shall immediately give notice of such surplus to the owner of the Property as identified by Plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee take the receipt of Plaintiff or its attorney for the amounts paid as hereinbefore directed in item marked "**FOURTH**",

and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Clerk of this Court within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Judge of this Court; that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Clerk of this Court, within thirty days upon completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, pursuant to the Stipulation, the Plaintiff shall not be entitled to recover from Borrower the deficiency the residue of the mortgaged debt remaining unsatisfied after a sale of the Property; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale be let into possession of the Property on production of the Referee's Deed and Bill of Sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that the action is discontinued or the sale of the Property is cancelled, the Referee is entitled to a $250.00 fee; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien,

title, interest and equity of redemption in the Property and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the liens of Plaintiff other than the Mortgage that is the subject of this action also be foreclosed herein as though Plaintiff was named as a party defendant, specifically reserving to Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and it is further

**ORDERED, ADJUDGED AND DECREED**, that nothing contained herein shall prohibit Plaintiff from seeking payment from any policy of insurance insuring the Property; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that Plaintiff or its successors shall receive proceeds from (a) any insurance policy insuring the Property and/or (b) any judgment, now or hereafter obtained, against any party indebted to Borrower, then Plaintiff or its assigns, as the case may be, shall apply such proceeds to the amount due hereunder or to any deficiency judgment obtained against Borrower; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that the proceeds described in the foregoing decretal paragraph, when taken together with the proceeds resulting from a foreclosure sale, exceed the amount due hereunder, then Plaintiff, or its assigns, as the case may be, shall deposit the surplus monies, if any, with the Clerk of this Court within thirty days after the same shall be received, to be withdrawn only upon order of this Court, signed by a Judge of this Court; and it is further

**ORDERED ADJUDGED AND DECREED**, that the Property be sold in "as is" condition and sold subject to:

(a) Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley or highway;

#176623231_v8 527548.00083

(b) Restrictions, covenants, agreements, reservations, and easements of record, if any, insofar as the same may be in force and effect;

(c) Any state of facts an accurate, currently dated survey might disclose;

(d) Any facts an inspection of the Property would reveal;

(e) Rights of tenants and/or occupants in possession, if any;

(f) The right of redemption of the United States of America, if any;

(g) The rights of any defendants pursuant to CPLR §§ 317 and 2003 and Rule 5015, if any;

(h) Charges for maintenance of street vaults, if any;

(i) Building or tract restrictions or regulations;

(j) Violations, notices, orders or other requirements issued by any federal, state, city, county, town or village agencies having jurisdiction of record, if any, now or hereafter against the Property;

(k) Security agreements, conditional bills of sale and chattel mortgages, if any;

(l) The liens of any prior judgments, mortgages or other encumbrances of record;

(m) Any unpaid taxes, assessments and water rates with interest and penalties accrued;

(n) Rights of tenants or persons in possession of the Property; prior mortgage liens of record and any advances and arrears thereunder; and

(o) Other conditions as set forth in the terms of sale more particularly to be announced at the sale;

That a description of the Property hereinbefore mentioned, is annexed hereto as Schedule A - Legal Description, said Property being located at: (i) 845 Central Avenue, Albany, New York 12206, (ii) 855 Central Avenue, Albany, New York 12206, (iii) 875 Central Avenue, Albany, New

8

York 12206, and known as Section 53.76, Block 1, Lot 1, Section 53.75, Lot 1, Block 5.1 and Section 53.76, Lot 1, Lot 4 on the Tax Map of Albany County, New York; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale shall pay for (i) any title insurance premiums; (ii) the Real Estate Transfer Tax (Article 31 of the New York Tax Law) and any other tax imposed upon or arising from the transfer of title; (iii) all abstract of title creation and/or continuation charges, and (iv) any other charges, occurring as a result of the transfer, including, but not limited to, the recording fees; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff shall conduct a foreclosure sale within ninety (90) days of the date of this judgment in accordance with RPAPL §1351(1); and it is further

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

#176623231_v8 527548.00083

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff shall serve a copy of this Judgment upon the owner of equity of redemption, any person having an interest in the Property, and any other party entitled to notice.

Dated: Miami, Florida
June __, 2023

**PLAINTIFF**

U.S. Bank, National Association, as Trustee for the Benefit of the Registered Holders of WFRBS Commercial Mortgage Trust 2013-C16, Commercial Mortgage Pass-Through Certificates, Series 2013-C16

By: Rialto Capital Advisors, LLC, a Delaware limited liability company, in its capacity as special servicer

By: _____
Name: _____
Title: _____

Dated: Brooklyn, New York
June 16, 2023

**BORROWER**

West Mall Office Park LLC,
a Delaware limited liability company

By: _____
Name: _Pinchos David Shemano_
Title: _Managing Member_

Dated: Brooklyn, New York
June 16, 2023

**GUARANTOR**

_____
Pinchos David Shemano

**SO ORDERED** this _31_ day of _July_, 2023.

_____
Honorable Alvin K. Hellerstein, U.S.D.J.

10

#176623231_v7 527548.00083

ORDERED, ADJUDGED AND DECREED, that Plaintiff shall serve a copy of this Judgment upon the owner of equity of redemption, any person having an interest in the Property, and any other party entitled to notice.

| | |
|---|---|
| Dated: Miami, Florida<br>June __, 2023 | Dated: Brooklyn, New York<br>June __, 2023 |
| **PLAINTIFF** | **BORROWER** |
| U.S. Bank, National Association, as Trustee for the Benefit of the Registered Holders of WFRBS Commercial Mortgage Trust 2013-C16, Commercial Mortgage Pass-Through Certificates, Series 2013-C16 | West Mall Office Park LLC,<br>a Delaware limited liability company<br><br>By: _____<br>Name: _____<br>Title: _____ |
| By: Rialto Capital Advisors, LLC, a Delaware limited liability company, in its capacity as special servicer<br><br>By: _/s/_____<br>Name: Nira| Sh__<br>Title: Managing Director | Dated: Brooklyn, New York<br>June __, 2023<br><br>**GUARANTOR**<br><br>_____<br>Pinchos David Shemano |

SO ORDERED this _31_ day of _July_, 2023.

_/s/ Alvin K. Hellerstein_
Honorable Alvin K. Hellerstein, U.S.D.J.

10

#176623231_v8 527548.00083

## SCHEDULE A

**(Property Description)**

### AS TO 845 CENTRAL AVENUE:

ALL that parcel of land, situate in the City and County of Albany, State of New York, bounded and described as follows:

BEGINNING at a point at the intersection of the westerly side of lands now or formerly of City of Albany and Interstate Route 90;

RUNNING THENCE westerly along said lands now or formerly of City of Albany and creating an interior angle of 76 degrees 13 minutes 30 seconds, 125.00 feet to a point;

THENCE southerly along said lands now or formerly of City of Albany and creating an interior angle of 271 degrees 11 minutes 10 seconds, 101.24 feet to a point;

THENCE southerly along lands now or formerly Everett Road Extension and creating an interior angle of 120 degrees 18 minutes 50 seconds, 542.10 feet to a point;

THENCE westerly and creating an interior angel of 45 degrees 13 minutes 30 seconds, 356.67 feet to a point;

THENCE southwesterly and creating an interior angle of 270 degrees 00 minutes, 160.00 feet to a point;

THENCE westerly and creating a right angle 185.00 feet to a point;

THENCE easterly and creating a right angle 624.29 feet to a point;

THENCE along said Interstate Route 90 and creating an exterior angle of 62 degrees 57 minutes, 37.19 feet to the point or place of BEGINNING.

TOGETHER WITH THE BENEFIT OF A RECIPROCAL EASEMENT FOR INGRESS AND EGRESS TO AND FROM CENTRAL AVENUE AS DESCRIBED IN BOOK 2192 PAGE 85 AS AMENDED IN BOOK 2969 PAGE 1128.

### AS TO 855 CENTRAL AVENUE:

ALL that parcel of land, situate in the City and County of Albany, State of New York, bounded and described as follows:

2

#176623231_v8 527548.00083

BEGINNING at a point on the northerly side of Central Avenue, said point being 2510.53 feet northwesterly from the intersection of said northerly line of Central Avenue with the westerly line of Watervliet Avenue;

RUNNING THENCE northwesterly along said northerly side of Central Avenue, 100.88 feet;

THENCE northeasterly at a 90 degree angle to the aforementioned course 781.80 feet to a point;

THENCE southeasterly at a 90 degree angle to the aforementioned course, 41.70 feet to a point;

THENCE southeasterly, 9.70 feet to a point;

THENCE southeasterly at a 90 degree angle to the aforementioned course, 167.88 feet to a point;

THENCE South at a 90 degree angle to the aforementioned course, 171.50 feet to a point;

THENCE northwesterly, 8.70 feet to a point;

THENCE southwesterly, 370.00 feet to a point;

THENCE northerly at right angles to the aforementioned course, 100.00 feet to a point;

THENCE southwesterly 250.00 feet to the northerly side of Central Avenue, the point or place of BEGINNING.

TOGETHER WITH THE BENEFIT OF A RECIPROCAL EASEMENT FOR INGRESS AND EGRESS TO AND FROM CENTRAL AVENUE AS DESCRIBED IN BOOK 2192 PAGE 85 AS AMENDED IN BOOK 2969 PAGE 1128.

## AS TO 875 CENTRAL AVENUE:

ALL that parcel of land, situate in the City and County of Albany, State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of Interstate Route 90 where it is intersected by the division line of Tax Lots 5 and 4;

RUNNING THENCE westerly and creating an interior angle of 87 degrees 18 minutes 20 seconds, 536.73 feet to a point;

THENCE southerly and creating a right angle, 199.12 feet to a point;

THENCE easterly and creating a right angle 150.80 feet to a point;

THENCE southerly and creating a right angle, 41.70 feet to a point;

THENCE easterly at right angles 9.70 feet to a point;

THENCE southerly at right angles 167.88 feet to a point;

THENCE easterly at right angles 452.55 feet to a point;

THENCE along said westerly side of Interstate Route 90 and creating an interior angle of 62 degrees 57 minutes, 131.92 feet;

THENCE along said westerly side of Interstate Route 90 and creating an interior angle of 198 degrees 21 minutes 40 seconds, 152.00 feet;

THENCE along said westerly side of Interstate Route 90 and creating an interior angle of 191 degrees 23 minutes 00 seconds, 141.11 feet, to the point or place of BEGINNING.

TOGETHER WITH THE BENEFIT OF A RECIPROCAL EASEMENT FOR INGRESS AND EGRESS TO AND FROM CENTRAL AVENUE AS DESCRIBED IN BOOK 2192 PAGE 85 AS AMENDED IN BOOK 2969 PAGE 1128.

4